```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

MELODY SHROPSHIRE,            )
                              )
    Plaintiff,                )   Action No. 5:12-cv-166-JMH
                              )
v.                            )
                              )
UNUM LIFE INSURANCE           )   **MEMORANDUM OPINION AND ORDER**
COMPANY OF AMERICA, and       )
                              )
LEXINGTON-FAYETTE URBAN       )
COUNTY GOVERNMENT,            )
                              )
    Defendants.               )

                   **     **     **     **     **

Plaintiff Melody Shropshire ("Plaintiff"), a Kentucky resident, filed this action in Fayette Circuit Court against Unum Life Insurance Company of America ("Unum"), a Maine company, and her former employer, Lexington-Fayette Urban County Government ("LFUGC"). On May 23, 2012, Unum filed a Notice of Removal [DE 1], removing the above-referenced matter from Fayette Circuit Court, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Specifically, Unum alleges that the amount in controversy exceeds $75,000 and that complete diversity exists because LFUCG was fraudulently joined as a party to this action. On June 21, 2012, Plaintiff filed a motion to remand this matter to state court. [DE 5]. Unum has filed a response [DE 6] and Plaintiff has filed her reply [DE

7]. For the following reasons, Plaintiff's motion will be granted and this matter will be remanded to state court.

Generally, federal diversity jurisdiction over a cause of action exists where the amount in controversy exceeds $75,000 and there is complete diversity between the parties. 28 U.S.C. § 1332. Section 1441 of Title 28 of the United States Code provides that a defendant may remove such an action brought in state court to federal district court. The party invoking federal court jurisdiction – in this case, Unum – has the burden of demonstrating with competent proof that the complete-diversity and amount-in-controversy requirements are met. *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.,* 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1194-95 (2010)).

Unum contends that complete diversity exists because LFUCG has been joined fraudulently – that is, for the purpose of defeating diversity jurisdiction and, thus, LFUCG should not be counted for purposes of determining whether diversity exists. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999) (Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action.). Unum argues that Plaintiff has asserted no colorable claim against LFUCG and, in any event, sovereign immunity shields LFUCG from any claims that Plaintiff may have.

2

Defendant bears a heavy burden to prove that fraudulent joinder exists and all disputed issues of law and fact are to be resolved in favor of Plaintiff. *See Walker v. Philip Morris USA, Inc.,* 443 F. App'x 946, 953 (6th Cir. 2011). In determining whether a colorable claim exists, the Court looks to state law. *See Jerome-Duncan,* 176 F.3d at 907. "There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994) (citing *Bobby Jones Garden Apartments, Inc. v. Suleski,* 391 F.2d 172, 176 (5th Cir. 1968)).

In attempting to remove this action to federal court, Unum asks the Court to engage in a substantive analysis more appropriately reserved for a motion to dismiss or a motion for summary judgment. Based on the record before it, the Court cannot say, as a matter of law, that Plaintiff presents no colorable claim against LFUCG. While it is true that, as a general matter, LFUCG is protected by sovereign immunity, this immunity is not impenetrable because sovereign immunity can be waived. *See Phillips v. Lexington-Fayette Urban County Government,* 331 S.W.3d 629, 631-32 (Ky. Ct. App. 2010). As for Plaintiff's individual claims against LFFUCG, the Court finds that they are at least colorable. While Unum argues that

3

Plaintiff has not stated a claim against LFUCG for violations of the Kentucky Consumer Protection Act ("KCPA"), Kentucky case law indicates that the purchase of an insurance policy may be covered under the Act. *Stevens v. Motorists Mut. Ins. Co.,* 759 S.W.2d 819, 820 (Ky. 1988); *see generally Craig & Bishop, Inc. v. Piles,* 247 S.W.3d 897, 904 (Ky. 2008) (KCPA to be construed broadly). As for Plaintiff's breach-of-fiduciary-duty claims, Kentucky defines a fiduciary relationship as "one founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking." *Dauley v. Hops of Bowling Green, Ltd.,* No. 2001-CA-001601-MR, 2003 WL 1340013, *2 (Ky. Ct. App. Feb. 21, 2003) (unpublished opinion) (citing *St. Martin v. KFC Corp.,* 935 F. Supp. 898, 908 (W.D. Ky. 1996)). Unum has pointed to no Kentucky law that forecloses the existence of a fiduciary relationship between Plaintiff and LFUCG under the circumstances at hand. Fraudulent joinder does not arise simply because a claim ultimately may prove unsuccessful. *See North Am. Specialty Ins. Co. v. Pucek,* No. 5:09-cv-49-JMH, 2009 WL 3711261, at *3 (E.D. Ky. Nov. 4, 2009). Accordingly, Unum has not met its burden of showing that UNUM's claims against LFUCG are entirely without merit and, accordingly, not colorable.

4

While the lack of complete diversity alone is enough to defeat federal jurisdiction, the Court notes that Unum has failed to meet its burden with respect to the amount-in-controversy requirement, as well. A defendant seeking to remove a case to federal court has the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir. 2001); 28 U.S.C. § 1332. When a plaintiff seeks to recover an unspecified amount that is "not self-evidently greater or less than the federal amount-in-controversy requirement," a defendant can remove the case only by showing that the claim "more likely than not" exceeds the statutory requirement. *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993), *overturned on other grounds by Hertz Corp. v. Friend,* -U.S.-, 130 S.Ct. 1181 (2010). While proof within a legal certainty is not required, *Id.,* the removing defendant must provide competent proof that the requirement is met. *Cleveland Hous. Renewal Project,* 621 F.3d at 559. Based on the record, it is far from clear that the damages Plaintiff seeks exceed $75,000. By her own account, she seeks $12,418.72 in unpaid benefits. While she also seeks punitive and other damages, Unum has failed to present competent proof that these damages, coupled with the unpaid benefits, exceed $75,000. As this Court has stated, competent evidence is not difficult to

5

obtain. *See King v. Household Fin. Corp. II,* 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009). Such evidence can be obtained through interrogatories or requests for admissions. *Id.* (citing *Marcum v. State Farm Mut. Auto. Ins. Co.,* No. 6:07-269-DCR, 2007 WL 2461623, *3 (E.D. Ky. Aug. 22, 2007)). That Plaintiff has not offered to stipulate to a lesser amount of damages is of no consequence, as the burden of proving the amount in controversy is placed upon the removing defendant, not the plaintiff. Defendant's proffered evidence does not show that, more likely than not, the amount in controversy in this matter exceeds $75,000.

Based on the foregoing, **IT IS ORDERED** that:

1) Plaintiff's motion to remand [DE 5] is **GRANTED;**

2) This matter is hereby **REMANDED** to the Fayette County Circuit Court; and

3) This matter shall be **STRICKEN FROM THE COURT'S ACTIVE DOCKET.**

This the 6th day of August, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge